O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD L. SOTO, | ) | Case No. CV 04-3778 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons discussed below, Plaintiff's request for an order remanding the case for further proceedings is denied, and the Commissioner's request for an order affirming her final decision is granted.

/ / /

## II. BACKGROUND

The relevant background facts are familiar to both parties, and Plaintiff has stipulated the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in his contentions.   Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.  Pages of the JS will be cited in brackets and preceded by the "JS" signal; pages of the administrative record will also be cited in the same fashion but without any signals ("[   ]").

## III. DISCUSSION

A.    Standard of Review

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990).  The harmless-error rule applies.  *Id.*  at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996).  Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld.  *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation.  *Andrews*, 53 F.3d at 1039-1040.

1    To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C.
2    §§ 423(a)(1)(D); 1382(a).  To be disabled within the meaning of the Act, a claimant must
3    suffer from a "medically determinable physical or mental impairment which can be
4    expected to result in death or which has lasted or can be expected to last for a continuous
5    period of not less than 12 months." *Id.*, §§423(d)(1)(A); 1382c(a)(3)(A).  The impairment
6    must be of "such severity that [the claimant] is not only unable to do [his or her] previous
7    work but cannot, considering [his or her] age, education, and work experience, engage
8    in any other kind of substantial gainful work which exists in the national economy. . . ."
9    *Id.*, §§ 423(d)(2)(A); 1382c(a)(3)(B).  The claimant has the burden of showing that she
10   or he is disabled.  *Id.*, §§ 423(d)(5); 1382c(a)(3)(H)(i) ; *Clem v. Sullivan*, 894 F.2d 328,
11   330 (9th Cir. 1990).

12   B.    <u>The Five-Step Sequential Analysis</u>

13       The Social Security Regulations use a five-step sequential analysis for making DIB
14   and SSI disability determinations.  20 C.F.R. §§ 404.1520, 416.920.  The first step asks
15   whether the claimant is working.  The second step asks whether the claimant has a
16   "severe" impairment, which is defined as an impairment which "significantly" -- more
17   than minimally -- limits an individual's ability to perform basic work activities.  *Id.*, §§
18   404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154,  107 S.Ct. 2287, 96 L.Ed.2d
19   119 (1987).  However, this step two determination is "'a *de minimis* screening device to
20   dispose of groundless claims.'" *Edlund v. Massanari*,   253 F.3d 1152, 1158 (9th Cir.
21   2001) (internal citations omitted).  The third step asks whether the claimant has an
22   impairment which meets or equals the criteria of any impairment identified in the
23   appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

24       The fourth and fifth steps require that the ALJ assess the claimant's residual
25   functional capacity ("RFC").  RFC is a determination of a claimant's remaining abilities
26   to perform work.  *Id.*, §§ 404.1545, 416.945(a). In determining a claimant's physical
27   limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull,
28   etc. *Id.*, §§ 404.1545(b), 416.945(b).  Mental, environmental  and other limitations such

Page 3

as the ability to see and hear are also part of the RFC determination. *Id.*, §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id.* The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. *Id.*, §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. *Id.*, §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id.*

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. *Id.*, §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

C.   Public Law 104-121

Notwithstanding the above, "[a] finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits. Under provisions added by the Contract with America Advancement Act, Pub.L. No. 104-121, 110 Stat. 847 (March 29, 1996), an 'individual shall not be considered to be disabled for purposes of

[benefits under Title II or XVI of the Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001), quoting 42 U.S.C. § 423(d)(2)(C); *see also Sousa v. Callahan*, 143 F.3d 1240, 1242 (9th Cir.1998). The key factor in making the determination whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the Commissioner would still find plaintiff disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535 (b), 416. 935(b). If the Commissioner finds that plaintiff's remaining limitations, absent the drug or alcohol addiction, would not be disabling, the Commissioner will find that drug addiction or alcoholism is a contributing factor material to the determination of disability and deny benefits. 20 C.F.R. §§404.1535 (b)(2)(i), 416.935(b)(2)(i); *see also Sousa*, 143 F. 3d at 1245. The Court finds that the ALJ correctly applied Public Law 104-121 for the reasons discussed in his decision and Plaintiff does not contend the ALJ erred by doing so.

D.    Analysis of Disputed Issue

Plaintiff challenges the ALJ's decision on one very narrow issue: whether the ALJ erred in finding that, but for Plaintiff's "history of intravenous drug abuse (heroin) and alcoholism," he retained an RFC to perform any of the three light category jobs (electronics worker, production assembler, and small products assembler) identified by the VE. [JS at 4:5-7.] The ALJ found that, without his polysubstance abuse and dependence, Plaintiff was not disabled because he retained an RFC for a range of light work subject to, among other things, "moderate limitations in dealing with detailed or complex instructions, and would be limited to simple, repetitive tasks" ("ML Finding") [17.] Plaintiff contends the ALJ's ML Finding "is key"[1] because the Dictionary of Occupational Titles ("DOT") describes these jobs as requiring "Level 2" reasoning skills, which is defined as the ability to "apply commonsense understanding to carry out detailed

_____

[1]    [JS at 8:6-14.]

but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations." He then suggests that he does not have the Level 2 reasoning skills to perform the three described jobs by implying the ALJ's ML Findings place him at "Level 1" reason skills, which is defined as the ability to "apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." [JS at 8:6-9:13.]  He proceeds to argue the VE's opinion that he can perform the three identified jobs notwithstanding his implied Level 1 reasoning skills constitutes a deviation from the DOT, which the VE erroneously never explained, and which the ALJ, in turn, erroneously accepted.  [9:14-10:4.]

Plaintiff's argument lacks merit.  It is based upon the inventive, but flawed, premise that the ALJ's ML Finding places him at a reasoning ability of Level 1 rather than Level 2, and then erroneously equating the ALJ's reference to "simple, repetitive tasks" - a reference to the type of a Level 2 problem - with the DOT description for Level 1 reasoning skills.

Specifically, a comparison of both DOT reasoning ability levels shows the main focus is upon a claimant's ability to apply a "commonsense understanding" (major premise) to deal with certain types of problems (minor premise) the claimant is likely to encounter in a particular job.  Contrary to Plaintiff's suggestion, a person with "moderate limitations" in his or her ability to execute "detailed or complex instructions" is not unable to deal with any detailed or complex instructions whatsoever, and by definition such a person can also tackle less demanding "simple one- or two-step instructions" encountered at both levels.  On the other hand, with respect to the types of problems generally encountered at these levels, the Court does not see, and Plaintiff has not shown, that there is any real difference, let alone a significant difference, between Level 1 problems involving "standardized situations with occasional or no variables" and Level 2 problems "involving a few concrete variables in or from standardized situations." More importantly, in stating Plaintiff's RFC, it is clear that the ALJ's reference to "simple,

repetitive tasks" in his ML Findings is a reference to the problems or tasks, not Plaintiff's reasoning ability as Plaintiff mistakenly suggests. Further, "simple, repetitive tasks" can consist of problems "involving a few concrete variables in or from standardized situations," and includes tasks that only involve "standardized situations with occasional or no variables." Stated another way, equating the ALJ's reference to "simple, repetitive tasks" -- a reference to the type of problem (minor premise) -- with "simple, one- or two step instructions" -- a description of the person's ability to apply commonsense (major premise) -- is tantamount to mixing apples with oranges. Consequently, the VE's opinion is consistent with the DOT Level 2 reasoning ability required for these three jobs, and does not significantly deviate or depart from the DOT. As such, the ALJ and VE were not required to give any explanation and did not err in failing to do so.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate any pending motions.

IT IS SO ORDERED.


DATED: September 27, 2005     <u>    /s/ Arthur Nakazato                    </u>
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE